**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**Urbana Division**

| | |
|---|---|
| **DAVID P. PERRY, SR.,** ) | |
| **Plaintiff,** ) | |
| v. ) | |
| ) | Case No. 08-2149 |
| **CAPITAL ONE BANK, et al.,** ) | |
| **Defendants.** ) | |

# REPORT AND RECOMMENDATION

In July 2008, Plaintiff David Perry, acting *pro se*, filed a Complaint (#4) against multiple Defendants, including Capital One Bank and Richard Fairbank, CEO of Capital One Bank. The complaint alleged violations of the Fair Debt Collection Practices Act (15 U.S.C. §§ 162-1692p) (hereinafter "FDCPA"). Federal jurisdiction is based on federal question pursuant to 28 U.S.C. § 1331 because Plaintiff has raised claims involving a federal statute.

In August 2008, Defendants Capital One Bank and Richard Fairbank filed a Motion To Dismiss Claims Against Capital One Bank (USA), N.A. and Richard Fairbank (#18). Plaintiff filed a Motion To Deny Motion To Dismiss Claims Against Capital One Bank (USA), N.A. and Richard Fairbank (#38), which the Court deems to be a response to Defendants' motion to dismiss. After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendants' Motion To Dismiss Claims Against Capital One Bank (USA), N.A. and Richard Fairbank **(#18)** be **GRANTED**.

### I. Background

The following background is taken from the complaint. Plaintiff alleges that Blitt & Gaines, acting on behalf of Capital One Bank and Atlantic Credit & Finance, violated the FDCPA by calling Plaintiff's workplace in January 2008 (#4, ¶ 1) and continuing to call Plaintiff after being notified not to call him again (#4, ¶¶ 4-5). In May 2008, Plaintiff reached a settlement agreement with attorney Angela Vandeventer, a Blitt & Gaines employee, whereby Plaintiff agreed to pay an amount on two cases and Blitt & Gaines agreed not to contact Plaintiff

again for any reason. (#4, ¶ 6.) In June 2008, Blitt & Gaines, acting on behalf of Atlantic Credit & Finance, served Plaintiff with a summons, and called Plaintiff three times within a period of one hour and fifteen minutes.

## II. Standard

A motion to dismiss for failure to state a claim tests the sufficiency of the complaint; it does not decide the merits of the claims. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). On a motion to dismiss, the Court treats all well-pleaded allegations in the complaint as true and grants all reasonable inferences in the plaintiff's favor. *McMillan v. Collection Prof"ls, Inc.*, 455 F.3d 754, 758 (7th Cir. 2006); *see Bell Atl. Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1965 (2007) (requiring plausible grounds for inferences if those inferences are to sustain a complaint).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The United States Supreme Court has interpreted this language to impose two easy-to-clear hurdles: First, the plaintiff must plead sufficient facts to give fair notice of the claim and the ground upon which it rests, and second, those facts, if true, must plausibly suggest that the plaintiff is entitled to relief, "raising that possibility above a 'speculative level'." *E.E.O.C. v. Concentra Health Servs., Inc.,* 496 F.3d 773, 776-77 (7th Cir. 2007) (citing *Bell Atl.*, 127 S. Ct. at 1965, 1973 n.14).

In determining the sufficiency of a *pro se* complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (stating that courts should hold allegations of a *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers"). "The essence of liberal construction is to give a *pro se* plaintiff a break when, although he stumbles on a technicality, his pleading is otherwise understandable." *Hudson*, 148 F.3d at 864. The Court need not, however, credit a plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997).

### III.  Analysis

Defendants Capital One Bank and Fairbank argue that the Court should dismiss the claims against them because the FDCPA does not apply to creditors or to individuals in general.  In addition, Defendants contend that the complaint includes no allegations of any conduct by Capital One Bank or Fairbanks.

As an initial matter, the Court notes that Plaintiff "acknowledges his error" (#38, p. 4) in not including certain information in his complaint.  Plaintiff indicated in his memorandum that he planned to file an addendum to the complaint.  In a separate order, the Court discussed the impropriety of amending a complaint by "addendum," and will not repeat that discussion here, noting only that the following analysis is based solely on the allegations of the complaint.

The Court agrees with Defendants.  As they explained in their memorandum, the FDCPA applies only to "debt collectors" whose conduct involves the collection of a debt.  *Neff v. Capital Acquisitions & Mgmt. Co.*, 352 F.3d 1118, 1121 (7th Cir. 2003).  The FDCPA distinguishes between debt collectors and creditors.  A "debt collector" is defined by the FDCPA to be "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6).  A "creditor" is any person who "offers or extends credit creating a debt or to whom a debt is owed . . . ."  15 U.S.C. § 1692a(4).

Plaintiff has alleged in his complaint that Defendants Blitt & Gaines acted on behalf of Capital One Bank when they contacted Plaintiff to collect a debt.  Thus, Plaintiff has alleged that Capital One Bank was a creditor, not a debt collector and therefore, the FDCPA does not apply to Capital One Bank.  *See Pettit v. Retrieval Masters Creditor Bureau, Inc,.* 211 F.3d 1057, 1059 (7th Cir. 2000) (stating that the FDCPA's provisions generally apply only to debt collectors).

Furthermore, "[i]ndividuals who do not otherwise meet the statutory definition of 'debt collector'" cannot be held liable under the Act." *Id.*  Accordingly, Plaintiff cannot state a claim against Defendant Fairbank.

### IV.  Summary

For the reasons set forth above, this Court recommends that Defendants' Motion To Dismiss Claims Against Capital One Bank (USA), N.A. and Richard Fairbank **(#18)** be **GRANTED** with prejudice.  The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten (10) working days after being served with a copy of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objections on appeal.  *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 23rd day of September, 2008.

               s/ DAVID G. BERNTHAL
               U.S. MAGISTRATE JUDGE