**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**Urbana Division**

| | |
|---|---|
| **DAVID P. PERRY, SR.,** ) | |
|          **Plaintiff,** ) | |
| **v.** ) | |
| ) | Case No. 08-2149 |
| **CAPITAL ONE BANK, et al.,** ) | |
|          **Defendants.** ) | |

# REPORT AND RECOMMENDATION

In July 2008, Plaintiff David Perry, acting *pro se*, filed a Complaint (#4) against multiple Defendants, including Atlantic Credit & Finance, Inc., Richard Woolwine, Kelly Woolwine, Chris Hanson, John Harvey, Jaideep Ganguly, Kevin Hudson, and Todd Kaus. The complaint alleged violations of the Fair Debt Collection Practices Act (15 U.S.C. §§ 1692-1692p) (hereinafter "FDCPA"). Federal jurisdiction is based on federal question pursuant to 28 U.S.C. § 1331 because Plaintiff has raised claims involving a federal statute.

In September 2008, Defendants Atlantic Credit & Finance, Inc., Richard Woolwine, Kelly Woolwine, Chris Hanson, John Harvey, Jaideep Ganguly, Kevin Hudson, and Todd Kaus filed a Motion To Dismiss Plaintiff's Complaint Pursuant to Rule 12(B)(6) (#40). Plaintiff filed a Motion To Deny Motion To Dismiss Claims Against Atlantic Credit & Finance, Inc., Richard Woolwine, Kelly Woolwine, Chris Hanson, John Harvey, Jaideep Ganguly, Kevin Hudson, and Todd Kaus (#62), which the Court deems to be a response to Defendants' motion to dismiss. After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendants' Motion To Dismiss Plaintiff's Complaint Pursuant to Rule 12(B)(6) **(#40)** be **GRANTED**.

## I. Background

The following background is taken from the complaint. Plaintiff alleges that Blitt & Gaines, acting on behalf of Capital One Bank and Atlantic Credit & Finance, violated the FDCPA by calling Plaintiff's workplace in January 2008 (#4, ¶ 1) and continuing to call Plaintiff after being notified not to call him again (#4, ¶¶ 4-5). In May 2008, Plaintiff reached a settlement agreement with attorney Angela Vandeventer, a Blitt & Gaines employee, whereby

Plaintiff agreed to pay an amount on two cases and Blitt & Gaines agreed not to contact Plaintiff again for any reason. (#4, ¶ 6.) In June 2008, Blitt & Gaines, acting on behalf of Atlantic Credit & Finance, served Plaintiff with a summons, and called Plaintiff three times within a period of one hour and fifteen minutes.

## II. Standard

A motion to dismiss for failure to state a claim tests the sufficiency of the complaint; it does not decide the merits of the claims. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). On a motion to dismiss, the Court treats all well-pleaded allegations in the complaint as true and grants all reasonable inferences in the plaintiff's favor. *McMillan v. Collection Prof"ls, Inc.*, 455 F.3d 754, 758 (7th Cir. 2006); *see Bell Atl. Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1965 (2007) (requiring plausible grounds for inferences if those inferences are to sustain a complaint).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The United States Supreme Court has interpreted this language to impose two easy-to-clear hurdles: First, the plaintiff must plead sufficient facts to give fair notice of the claim and the ground upon which it rests, and second, those facts, if true, must plausibly suggest that the plaintiff is entitled to relief, "raising that possibility above a 'speculative level'." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007) (citing *Bell Atl.*, 127 S. Ct. at 1965, 1973 n.14).

In determining the sufficiency of a *pro se* complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (stating that courts should hold allegations of a *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers"). "The essence of liberal construction is to give a *pro se* plaintiff a break when, although he stumbles on a technicality, his pleading is otherwise understandable." *Hudson*, 148 F.3d at 864. The Court need not, however, credit a plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

### III.  Analysis

Defendants argue that the Court should dismiss the claims against them because the FDCPA does not state any claims against them.  In addition, Defendants contend that (1) officers of Atlantic Credit & Finance cannot be held liable under the FDCPA; (2) the complaint includes no allegations of any conduct by Atlantic Credit & Finance or Defendants R. Woolwine, K. Woolwine, Hanson, Harvey, Ganguly, Hudson, or Kaus; and (3) hiring a lawyer to file a collection suit against a debtor does not violate the FDCPA.

The Court agrees with Defendants.  As they explained in their memorandum, the FDCPA applies only to "debt collectors" whose conduct involves the collection of a debt.  *Neff v. Capital Acquisitions & Mgmt. Co.*, 352 F.3d 1118, 1121 (7th Cir. 2003).  The FDCPA distinguishes between debt collectors and creditors.  A "debt collector" is defined by the FDCPA to be "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).  A "creditor" is any person who "offers or extends credit creating a debt or to whom a debt is owed . . . ."  15 U.S.C. § 1692a(4).

Plaintiff has alleged in his complaint that Defendants Blitt & Gaines acted on behalf of Defendant Atlantic Credit & Finance when Blitt & Gaines contacted Plaintiff to collect a debt.  Thus, Plaintiff has alleged that Atlantic Credit & Finance was a creditor, not a debt collector.  Therefore, the FDCPA does not apply to Atlantic Credit & Finance.  *See Pettit v. Retrieval Masters Creditor Bureau, Inc.*, 211 F.3d 1057, 1059 (7th Cir. 2000) (stating that the FDCPA's provisions generally apply only to debt collectors).

Furthermore, the Seventh Circuit has held that the FDCPA "does not contemplate personal liability for shareholders or employees of debt collection companies who act on behalf of those companies." *Id*. Thus, an individual does not become a debt collector "simply by working for or owning stock in debt collection companies." *Id.* Instead, the FDCPA employs the principle of vicarious liability, holding the employer responsible for the acts of its employees. *Id.* Accordingly, the Court recommends granting the motion to dismiss as to individual Defendants Richard Woolwine, Kelly Woolwine, Chris Hanson, John Harvey, Jaideep Ganguly, Kevin Hudson, and Todd Kaus

### IV. Summary

For the reasons set forth above, this Court recommends that Defendants' Motion To Dismiss Plaintiff's Complaint Pursuant to Rule 12(B)(6) **(#40)** be **GRANTED** with prejudice. In addition, the Court recommends that Plaintiff's Motion To Deny Motion To Dismiss Claims Against Atlantic Credit & Finance, Inc., Richard Woolwine, Kelly Woolwine, Chris Hanson, John Harvey, Jaideep Ganguly, Kevin Hudson, and Todd Kaus **(#62)** be **DENIED** as moot.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten (10) working days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 23rd day of October, 2008.

                                                    s/ DAVID G. BERNTHAL
                                                    U.S. MAGISTRATE JUDGE