### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS
**Urbana Division**

| | |
|---|---|
| **DAVID P. PERRY, SR.,** ) | |
| **Plaintiff,** ) | |
| v. ) | |
| ) | Case No. 08-2149 |
| **CAPITAL ONE BANK, et al.,** ) | |
| **Defendants.** ) | |

# REPORT AND RECOMMENDATION

In July 2008, Plaintiff David Perry, acting *pro se*, filed a Complaint (#4) against multiple Defendants, including Blitt & Gaines, P.C., Fred Blitt, Jan Gaines, Michael Starzec, and Angela Vandeventer. The complaint alleged violations of the Fair Debt Collection Practices Act (15 U.S.C. §§ 1692-1692p) (hereinafter "FDCPA"). Federal jurisdiction is based on federal question pursuant to 28 U.S.C. § 1331 because Plaintiff has raised claims involving a federal statute.

In September 2008, Defendants Blitt & Gaines, P.C., Fred Blitt, Jan Gaines, Michael Starzec, and Angela Vandeventer filed a Motion To Dismiss Plaintiff's Complaint Pursuant to Rule 12(B)(6) (#47). Plaintiff filed a Motion To Deny Motion To Dismiss Plaintiff's Complaint Pursuant to Rule 12(B)(6) Against Blitt & Gaines, P.C., Fred Blitt, Jan Gaines, Michael Starzec and Angela Vandeventer (#59), which the Court deems to be a response to Defendants' motion to dismiss. After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendants' Motion To Dismiss Plaintiff's Complaint Pursuant to Rule 12(B)(6) **(#47)** be **GRANTED** in part and **DENIED** in part.

### I. Background

The following background is taken from the complaint. Plaintiff alleges that Blitt & Gaines, acting on behalf of Capital One Bank and Atlantic Credit & Finance, violated the FDCPA by calling Plaintiff's workplace in January 2008 (#4, ¶ 1) and continuing to call Plaintiff after being notified not to call him again (#4, ¶¶ 4-5). In May 2008, Plaintiff reached a settlement agreement with attorney Angela Vandeventer, a Blitt & Gaines employee, whereby

Plaintiff agreed to pay an amount on two cases and Blitt & Gaines agreed not to contact Plaintiff again for any reason. (#4, ¶ 6.) In June 2008, Blitt & Gaines, acting on behalf of Atlantic Credit & Finance, served Plaintiff with a summons, and called Plaintiff three times within a period of one hour and fifteen minutes.

Although Plaintiff has not expressly alleged this in his complaint, his response to the motion to dismiss indicates that Fred Blitt and Jan Gaines are owners of Blitt & Gaines, and Michael Starzec and Angela Vandeventer work for Blitt & Gaines.

## II.  Standard

A motion to dismiss for failure to state a claim tests the sufficiency of the complaint; it does not decide the merits of the claims. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). On a motion to dismiss, the Court treats all well-pleaded allegations in the complaint as true and grants all reasonable inferences in the plaintiff's favor. *McMillan v. Collection Prof'ls, Inc.*, 455 F.3d 754, 758 (7th Cir. 2006); *see Bell Atl. Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1965 (2007) (requiring plausible grounds for inferences if those inferences are to sustain a complaint).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The United States Supreme Court has interpreted this language to impose two easy-to-clear hurdles: First, the plaintiff must plead sufficient facts to give fair notice of the claim and the ground upon which it rests, and second, those facts, if true, must plausibly suggest that the plaintiff is entitled to relief, "raising that possibility above a 'speculative level'." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007) (citing *Bell Atl.*, 127 S. Ct. at 1965, 1973 n.14).

In determining the sufficiency of a *pro se* complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (stating that courts should hold allegations of a *pro se* complaints "to less stringent standards than formal pleadings drafted by

lawyers"). "The essence of liberal construction is to give a *pro se* plaintiff a break when, although he stumbles on a technicality, his pleading is otherwise understandable." *Hudson*, 148 F.3d at 864. The Court need not, however, credit a plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997).

### III. Analysis

Defendants argue that the Court should dismiss the claims against them for the following reasons: (1) Plaintiff's allegations do not state a claim under the FDCPA; (2) the owners and employees of Blitt & Gaines cannot be held individually liable under the FDCPA; and (3) Plaintiff's prayer for judgment in the amount of $1,000,000 asks for damages beyond the scope of the FDCPA and shows that Plaintiff's complaint is baseless and frivolous.

### A. Failure To State a Claim

Defendants first argue that Plaintiff's substantive allegations do not state claims under the FDCPA. Defendants refer to the allegations that (1) Defendants violated the FDCPA on January 14, 2008, by calling his workplace and leaving a telephone number; and (2) Defendants continued calling Plaintiff in violation of 15 U.S.C. § 1692d after he told them not to do so.

Regarding the first allegation, Defendants contend that Section 1692c(a)(3) governs the propriety of calls made to a debtor's place of employment. That Section prohibits such communication "if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication." 15 U.S.C. § 1692c(a)(3). Defendants contend that Plaintiff's complaint fails to contain any factual allegations indicating that Blitt & Gaines knew or had reason to know that Plaintiff's employer prohibited Plaintiff from receiving any communications at work.

Regarding the second allegation, Defendants contend that Section 1692c(c) governs whether a debt collector must stop communicating with a debtor. That Section provides that a debtor must notify a debt collector in writing that the debtor "wishes the debt collector to cease communicating" with the debtor. 15 U.S.C. § 1692c(c). Defendants contend that Plaintiff failed to allege that he notified Blitt & Gaines in writing.

Rule 8(a) requires only "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." FED. R. CIV. P. 8(a). This is a notice pleading standard, not a fact pleading standard. *Hefferman v. Bass*, 467 F.3d 596, 599 (7th Cir. 2006). The point of a notice pleading standard is that the plaintiff is not required to plead either facts or legal theories. *Id*. Regarding notice pleading, the Seventh Circuit court has stated as follows:

> Plaintiffs need not plead facts; they need not plead law; they plead claims for relief. Usually they need do no more than narrate a grievance simply and directly, so that the defendant knows what he has been accused of. . . . Any district judge (for that matter, any defendant) tempted to write "this complaint is deficient because it does not contain. . ." should stop and think: What rule of law *requires* a complaint to contain that allegation?

*Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005).

Furthermore, the Court must draw all inferences in Plaintiff's favor at this stage in the proceedings. *McMillan*, 455 F.3d at 758. Here, Plaintiff alleged that Defendants violated the FDCPA by contacting him at work and by continuing to call him after he asked them not to do so. Plaintiff may have to prove some facts that he did not plead, but that is not uncommon. Nevertheless, his allegations are adequate to put Defendants on notice of the basis for his claims. Accordingly, he has satisfied notice pleading standards and the Court recommends denying the motion to dismiss for failure to state a claim.

### B. Failure To State a Claim Against Individuals

Defendants next argue that the Blitt & Gaines owners and employees cannot be held individually liable under the FDCPA. Specifically, Defendants contend that Plaintiff has not alleged that the individual Defendants caused him harm or violated the FDCPA; Plaintiff did not allege any conduct by Blitt, Gaines, and Starzec; and, with regard to Vandeventer, Plaintiff alleged only that she entered into a voluntary settlement agreement with Plaintiff which cannot be construed as an FDCPA violation.

As the Court noted in a previous Report and Recommendation (#57, p. 3), the FDCPA applies only to "debt collectors" whose conduct involves the collection of a debt. The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

The Seventh Circuit has held that the FDCPA "does not contemplate personal liability for shareholders or employees of debt collection companies who act on behalf of those companies." *Pettit v. Retrieval Masters Creditor Bureau, Inc*,. 211 F.3d 1057, 1059 (7th Cir. 2000). Thus, an individual does not become a debt collector "simply by working for or owning stock in debt collection companies." *Id.* Instead, the FDCPA employs the principle of vicarious liability, holding the employer responsible for the acts of its employees. *Id.* The only exception to this is "in limited instances where the corporate veil is pierced." *Id*. Here, notwithstanding his statements in his brief, Plaintiff has not alleged liability based on piercing the corporate veil. Accordingly, the Court recommends granting the motion to dismiss as to individual Defendants Blitt, Gaines, Starzec, and Vandeventer.

### C. Plaintiff's Damage Request

Defendants next argue that the Court should dismiss the case because Plaintiff's request for damages in the amount of $1,000,000 indicates that the underlying claims are frivolous. *See* 15 U.S.C. § 1692k (providing that damages for FDCPA violations shall be limited to actual damages, statutory damages shall not exceed $1,000 per violation, and reasonable attorney fees); *see also Pettit*, 211 F.3d at 1059 (citing *White v. Goodman*, 200 F.3d 1016, 1019 (7th Cir. 2000) ("FDCPA suits against the owners of a debt collection company who are not otherwise debt collectors are frivolous and might well warrant sanctions.")).

Plaintiff's error in requesting damages reflects a lack of knowledge regarding the statute. It does not necessarily indicate that his claims lack of merit. Accordingly, the Court recommends denying the motion to dismiss on this basis.

### IV. Summary

For the reasons set forth above, this Court recommends that Defendants' Motion To Dismiss Plaintiff's Complaint Pursuant to Rule 12(B)(6) **(#47)** be **GRANTED** as to the individual Defendants Blitt, Gaines, Starzec, and Vandeventer, and **DENIED** as to Defendants' other arguments.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten (10) working days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 24th day of October, 2008.

        s/ DAVID G. BERNTHAL
        U.S. MAGISTRATE JUDGE